In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00982-CR
____________

SAID AIL HASSAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 870113




MEMORANDUM OPINIONA jury found appellant guilty of the felony offense of driving while intoxicated,
and the trial court assessed punishment at six years’ confinement. In two points of
error, appellant argues that (1) the trial court erred in overruling his objection to
testimony that he alleges is irrelevant, and (2) the evidence was factually insufficient
to support his conviction. We affirm.
Admission of Evidence
          In his first point of error, appellant argues that the trial court erred in overruling
his objection to testimony that he alleges is irrelevant. The admission and exclusion
of evidence is committed to the trial court’s sound discretion and will not be reversed
absent an abuse of discretion. Goff v. State, 931 S.W.2d 537, 553 (Tex. Crim. App.
1996). An abuse of discretion occurs when the trial court acts without reference to
any guiding rules or principles, or in other words, when the act was arbitrary or
unreasonable. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). 
          Evidence is relevant if it has “any tendency to make the existence of any fact
that is of consequence to the determination of the action more probable or less
probable than it would be without the evidence.” Tex. R. Evid. 401. All relevant
evidence is admissible unless excluded by the Constitution, by statute, by the Texas
Rules of Evidence, or by other rules prescribed pursuant to statutory authority. Tex.
R. Evid. 402.
          Appellant argues that the trial court erred in overruling his objection to the
relevancy of a probation officer’s testimony concerning the general practices of the
judge who presided over appellant’s 1998 DWI conviction. In resolving this issue
we now consider the relevant facts. On direct examination, appellant was asked to
explain the contradiction between the fact that he was twice convicted of DWI in
1994, and the fact that his religion prohibits the consumption of alcohol. Appellant
explained that the convictions happened a long time ago, he had made a mistake,
Allah forgives sins, and “[w]e have to stop and not do it again.” On cross-examination, the State impeached appellant by asking him if he had received
probation after pleading guilty to a DWI in 1998. On redirect examination, appellant
testified that, although he pled guilty to DWI in 1998, he was innocent of that charge
and did not know what he was signing when he signed the plea papers. On recross-examination, appellant testified that he did not read the admonishments, he did not
know what he was signing, and “nobody explained [the paperwork] to me.” The State
then called Susan Orendac, a probation officer who was assigned to the court in
which appellant pled guilty to the 1998 DWI charge. The probation officer testified
that, in her experience, the judge who presided over appellant’s case explained to
every defendant the charge and the plea agreement Appellant objected on relevancy
grounds and the trial court overruled the objection. Appellant now contests the trial
court’s ruling on that objection.
          A defendant who testifies at trial places his credibility at issue. Hammett v.
State, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986). The Court of Criminal Appeals
has held that when an accused testifies gratuitously as to some matter that is irrelevant
or collateral to the proceeding, he may be impeached by a showing that he has lied
or is in error as to that matter. Id. Such evidence is admissible in order to determine
the credibility of the witness and the weight to be given to his testimony, and to rebut
his testimony. Pina v. State, 38 S.W.3d 730 (Tex. App.—Texarkana 2001, pet.
ref’d.).
          The evidence was relevant to appellant’s credibility because it contradicted his
testimony that no one explained the plea to him and shed doubt on the veracity of his 
contention that he did not know what he was signing and did not understand the
proceedings.
          We overrule appellant’s first point of error.
Factual Sufficiency
          In his second point of error, appellant contends that the evidence is factually
insufficient to prove that he was driving while intoxicated. In reviewing the factual
sufficiency of the evidence, we examine all the evidence neutrally, and ask whether
proof of guilt is so obviously weak or greatly outweighed by contrary proof as to
indicate that a manifest injustice has occurred. King v. State, 29 S.W.3d 556, 563
(Tex. Crim. App. 2000). We will reverse the fact-finder’s determination only if a
manifest injustice has occurred. Id. In conducting our analysis, we must also avoid
substituting our judgment for that of the fact-finder. Id.
          Appellant contends that the evidence is factually insufficient to prove that he
was intoxicated while he was driving. In support of this contention, appellant argues
that being a bad driver does not necessarily prove that he was intoxicated. Moreover,
he testified that he never told the officers that he was drunk. Finally, appellant
contends that the arresting officer’s testimony that it was highly possible that
appellant did not know that he was being pursued by a police officer militates against
finding that he was intoxicated.
          Notwithstanding appellant’s arguments, there is factually sufficient evidence
in the record to support the jury’s finding beyond a reasonable doubt that appellant
was intoxicated. The arresting officer testified that he saw appellant violate several
traffic laws including: failure to stop at red lights, failure to drive within a single lane
(straddling both lanes of traffic), failure to stop once he hit a vehicle (reckless
driving), unsafe lane changes (swerving), and improper stopping (stopping at green
lights). Another officer testified that when he conducted a Horizontal Gaze
Nystagmus test on appellant, appellant exhibited six out of six possible clues for
intoxication. The officer further testified that these results indicated that appellant
had consumed a high level of alcohol. A third officer testified that appellant’s speech
was slurred and several other officers testified that appellant smelled like alcohol. 
Three officers also testified that they heard appellant admit that he was drunk. 
          After reviewing the evidence in a neutral light, we find that the evidence in
support of the conviction is not so weak or greatly outweighed by contrary proof as
to render the conviction clearly wrong and manifestly unjust. 
          We overrule appellant’s second point of error.Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).